1  Daniel W. Maguire (SBN 120002)
   E-mail:  dmaguire@bwslaw.com
2  Melissa M. Cowan (SBN 175326)
   E-mail:  mcowan@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA  90071-2953
   Tel:  213.236.0600 Fax:  213.236.2700
5

6  Attorneys for Defendant The Paul Revere
   Life Insurance Company

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MICHAEL YSASAGA,                    Case No.  16-cv-3505

12            Plaintiff,               **DEFENDANT'S NOTICE OF
                                        REMOVAL OF CIVIL ACTION**
13  v.
                                        **[Diversity of Citizenship, 28 U.S.C.
14  THE PAUL REVERE LIFE                §1441(a)]**
    INSURANCE COMPANY: and
15  DOES 1 through 10, Inclusive,

16            Defendants.

17

18      TO PLAINTIFF MICHAEL YSASAGA AND TO HIS ATTORNEYS OF

19  RECORD:

20

21      Defendant The Paul Revere Life Insurance Company ("Defendant" or "Paul

22  Revere"), hereby serves notice of its removal in the above-entitled action to the

23  United States District Court for the Central District of California, from the Superior

24  Court of the State of California, for the County of Los Angeles, and respectfully

25  avers:

26  / / /

27  / / /

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1                  - 1 -

## PLEADINGS AND PROCEEDINGS TO DATE

1.      On or about April 18, 2016, an action was commenced by Plaintiff Michael Ysasaga ("Ysasaga") against Defendant Paul Revere in the Superior Court for the State of California, County of Los Angeles, entitled *Michael Ysasaga v. The Paul Revere Life Insurance Company; and Does 1 through 10, inclusive*, Case No. BC617352 ("the Action").

2.      On April 21, 2016, Paul Revere was served with a copy of the Summons and Complaint through its authorized agent for service of process, Corporation Service Company ("CSC").  Along with the Summons and Complaint were copies of a Civil Case Cover Sheet Addendum and Statement of Location, Civil Deposit, Notice of Case Assignment, Voluntary Efficient Litigation Stipulation, Stipulation – Discovery Resolution (Form), Stipulation – Early Organizational Meeting (Form), Informal Discovery Conference (Form), and Stipulation and Order – M otions In Limine (Form).  Copies of these documents, which constitute all the process, pleadings, and orders served upon Defendant Paul Revere to date, are attached hereto as Exhibit 1.

3.      Paul Revere is informed and believes that there has been no service of process upon Does 1 through 10, inclusive.

## GROUNDS FOR REMOVAL

4.      The Action is a suit of a wholly civil nature brought in a California court.  Removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a).

/ / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1

- 2 -

## DIVERSITY OF CITIZENSHIP JURISDICTION

5.     This is a suit of a wholly civil nature brought in a California court, and the action is pending in the Los Angeles County Superior Court.  There is complete diversity with respect to the Plaintiff, on the one hand, and removing Defendant on the other.  Accordingly, under 28 U.S.C. §§ 84(c) and 1441(a), the United States District Court for the Central District of California is the proper forum for removal.

6.     Defendant is informed and believes that Plaintiff Ysasaga is, and at all relevant times was, a resident and citizen of Fort Bend County in the State of Texas.  (Complaint, ¶ 20)

7.     Defendant Paul Revere is, and at all relevant times was, a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its home office in Worcester, Massachusetts.  Executive officers of Paul Revere, including its Chief Executive Officer and Chief Financial Officer, have their offices in Portland, Maine.  No executive offices or executive officers of Paul Revere are located in California; likewise, no senior management decisions of Paul Revere are made in California.  Therefore, under the "nerve center" test for diversity jurisdiction outlined in *Hertz Corporation v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010), Paul Revere's "nerve center" is not in California.

8.     Paul Revere is informed and believes that Defendants, Does 1 through 10, have not been served with the Summons and Complaint, and have not appeared in this action.  By reason of the provisions of 28 U.S.C. § 1441(a), the fictitious Doe Defendants are to be disregarded for purposes of removal.  *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209 (9th Cir. 1980); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423 (9th Cir. 1984).

## AMOUNT IN CONTROVERSY SATISFIED

9.     The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.  Under the Federal Court's Jurisdiction and Venue Clarification Act of 2011, even though the amount in controversy is not specified in Plaintiff's Complaint, Defendant need only state the amount in controversy to establish diversity jurisdiction.  28 U.S.C. § 1446(c)(2).  The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action.  *Hunt v. Washington State Apple Advertising Comm.*, 432 U.S. 333, 97 S. Ct. 2434 (1977);  *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943); *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d  1246, 1249-1251 (C.D. Cal. 2012) (jurisdictional limit met with claims for bad faith damages); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (jurisdictional threshold may be satisfied by attorney's fees, emotional distress damages and punitive damages); *Conrad Assoc. v. Hartford Acc. & Indemn. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995).

10.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1

- 4 -

CASE NO. 16-CV-3505
NOTICE OF REMOVAL OF CIVIL ACTION

11.     Plaintiff's Complaint alleges damages for breach of contract and breach of the implied covenant of good faith and fair dealing, as well as prayers for relief including contractual, consequential incidental damages, general and special damages, emotional and mental distress damages, punitive damages, treble damages under California Civil Code Section 3345, attorneys' fees, pre-judgment interest, and costs.  As such, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, for the reasons described below.

12.     According to the Complaint, Plaintiff was insured under a disability income policy issued by Paul Revere ("the Policy").  (Complaint, ¶ 8)  Plaintiff has also attached to the Complaint a copy of a disability business overhead expense policy number 0102618723 ("BOE Policy").  Plaintiff alleges that Defendant insured Plaintiff and is obligated to pay $4,220 in monthly benefits under the Policy since he allegedly became disabled from his position as a dentist.  (Complaint, ¶¶ 9, 17, 19, 38)  He alleges that he applied for benefits with Paul Revere in June 2013, and has complied with all obligations under the Policy.  (Complaint, ¶¶ 17, 39)  He further alleges that Paul Revere has refused to pay his demands for disability benefits.  (Complaint, ¶¶ 35, 36, 40)

13.     <u>Benefit-related Damage Claims</u>:  Plaintiff alleges that he is and has remained disabled and Paul Revere's denial of benefits was improper.  He seeks recovery of Policy benefits after Paul Revere's February 4, 2016 denial letter, as well as future benefits based on his allegation that he can "never" return to the practice of dentistry.  (Complaint, ¶¶ 9, 12-14, 16, 17, 29, 32, 33, 48)

(a)     For his First Cause of Action for Breach of Contractual Duty, Plaintiff seeks relief of "[c]ontractual, consequential, and incidental damages for Paul Revere's breach of contract, in an amount to be determined at trial, plus interest." (Prayer, ¶ 1; Complaint, ¶¶ 36, 41)  The Policy provides for $4,220 per

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1                                              - 5 -                          CASE NO. 16-CV-3505
NOTICE OF REMOVAL OF CIVIL ACTION

month in benefits. (Complaint, ¶ 19) Benefits have not been paid after January 30, 2016, such that the full monthly benefits at stake through May 2016, would amount to $16,880. *See Cain*, 890 F. Supp. 2d at 1249-1251 (confirming amount in controversy requirement satisfied where disability contract damages were $20,101, and plaintiff asserted damages for bad faith). If Plaintiff seeks disability benefits under the BOE Policy attached as Exhibit A to the Complaint, total benefits available under the 15 month policy period are $123,000.

(b) Under his Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing ("bad faith"), Plaintiff likewise alleges he is entitled to Policy benefits, as well as general and special damages. (Complaint, ¶¶ 48; Prayer ¶ 2) Unaccrued future disability payments may also be considered in satisfying the amount in controversy requirement under Plaintiff's bad faith claim. *See Cain*, 890 F. Supp. 2d at 1249-1250 (jurisdictional limit satisfied alone by calculation of future gross disability benefits under claim for bad faith damages); *Duarte v. Standard Ins. Co.*, 2008 WL 3978082 (N.D. Cal. Aug. 26, 2008) (jurisdictional limit satisfied where past due benefits totaled $28,800 and undiscounted future benefits were $331,200); *Albino v. Standard Ins. Co.*, 349 F.Supp.2d 1334, 1340 (C.D. Cal. 2004) (future policy benefits of $256,442.64 were properly included in the amount in controversy calculation as part of bad faith claim even where accrued benefits amounted to only $2,002.26); *Wilbert v. Unum*, 981 F. Supp. 61 (D.R.I. 1997) (in action for disability insurance benefits, amount involved for purposes of jurisdiction is amount of benefits for which suit is brought). To the extent Plaintiff seeks future benefits, the undiscounted value of $4,220 in future monthly benefits until age 65 (February 15, 2028) would amount to approximately $592,910, for disability established under the Policy terms.

The total amount of benefits Plaintiff seeks using these calculations would well exceed the $75,000 jurisdictional threshold.

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1

- 6 -

CASE NO. 16-CV-3505
NOTICE OF REMOVAL OF CIVIL ACTION

14.  <u>Tort-related Damage Claims</u>:  Plaintiff has also alleged significant damage claims in his Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing, including:

a.  Attorneys' fees, witness fees, and litigation costs (Complaint, ¶ 49; Prayer, ¶¶ 5, 6);

b.  General and special damages, including damages for emotional and mental distress (Complaint, ¶ 48; Prayer, ¶ 2);

c.  Punitive damages (Complaint, ¶ 50; Prayer, ¶ 3);

d.  Treble damages pursuant to California Civil Code Section 3345 (Prayer, ¶ 4);

e.  Pre-judgment interest (Complaint, ¶ 48; Prayer, ¶ 2); and

f.  For such other and further relief as the court may deem proper. (Prayer, ¶ 7)

In a case such as this, "[t]he jurisdictional minimum may be satisfied by claims for special and general damages, punitive damages, and attorneys' fees." *Simmons*, 209 F. Supp. 2d at 1031.  In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.*, 166 F.3d 59, 62 (2d Cir. 1999).  In *Campbell v. Hartford Life Insurance Company*, 825 F. Supp. 2d 1005, 1006-1009 (E.D. Cal. 2011), the Court denied a motion for remand where only $10,000 in life insurance benefits were at stake by finding that amount, in combination with plaintiff's damage claims for bad faith, would exceed the jurisdictional minimum.  This case is no different.  Plaintiff Ysasaga's damage claims, including attorneys' fees, emotional distress, punitive damages and treble damages, ensure that this case exceeds the threshold limit for diversity jurisdiction. / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1                          - 7 -

CASE NO. 16-CV-3505
NOTICE OF REMOVAL OF CIVIL ACTION

15.    Under federal law, if attorneys' fees are recoverable by Plaintiff, by statute or contract, the fee claim is included in determining the amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (upholding district court's denial of removal where district court considered potential award of attorney's fees in reaching its decision); *Goldberg v. CPC Int'l*, 678 F.2d 1365 (9th Cir. 1982).  Under California law, attorneys' fees are recoverable to the extent they were expended in the pursuit of contract damages, assuming a plaintiff can prove that the insurance company acted in "bad faith." *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985).  When assessing the amount in controversy, the court may consider the amount of attorneys' fees to be accrued throughout the entirety of the litigation.  *See Campbell*, 825 F.Supp.2d at 1009 (holding that because attorney's fees attributable to the prosecution of plaintiff's breach of contract cause of action are recoverable via her bad faith claim, such fees were to be included in determining the amount in controversy).  Here, Plaintiff has asserted a claim for breach of the covenant of good faith and fair dealing and has requested attorneys' fees under *Brandt*.  (Prayer, ¶ 5).  A fee claim alone, even if unspecified, can satisfy the amount in controversy requirement based on a court's experience and case authority regarding other *Brandt* fee awards.  *See Cain*, 890 F. Supp. 2d at 1250 (finding court can determine, within its own experience, that an attorneys' fee award alone will satisfy the amount in controversy requirement); *see, e.g., Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1005 (9th Cir. 2004) (awarding $750,000 for attorneys' fees in bad faith action involving disability policy); *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197 (2009) (awarding $189,000 in attorney fees in homeowners' bad faith action against insurer); *Campbell*, 825 F. Supp. 2d 1009 (finding that even a minimal award of attorneys' fees would surpass the jurisdictional minimum when Plaintiff alleged compensatory damages claim of $60,000).

/ / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1

- 8 -

CASE NO. 16-CV-3505
NOTICE OF REMOVAL OF CIVIL ACTION

16.     Likewise, California law authorizes the recovery of emotional distress damages if proven in an action for breach of the implied covenant of good faith and fair dealing against an insurer, just as Plaintiff has alleged.  (Complaint, ¶ 48; Prayer, ¶ 2)  *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 580 (1973) (authorizing the recovery of emotional distress damages in an action for bad faith against an insurer).  The amount in controversy may also include bad faith consequential damages if they are recoverable as a matter of state law, and it cannot be said to a legal certainty that plaintiff would under no circumstances be entitled to recover the jurisdictional amount.  *Anthony v. Security Pacific Financial Services, Inc.,* 75 F.3d 311, 315 (7th Cir. 1996).  Damages in insurance bad faith cases which are proven up by a plaintiff have exceeded the amount necessary to satisfy this Court's amount in controversy requirement for diversity jurisdiction.  *See, e.g., Cain*, 890 F.Supp.2d at 1250-1251 (finding removal proper where jurisdictional threshold met by accepting as true plaintiff's emotional distress allegations regarding nonpayment of disability benefits); *Richmond*, 897 F.Supp. at 450-451 (removal proper because plaintiff's emotional distress damages were potentially substantial); *Ace v. Aetna Life Ins. Co*., 40 F.Supp.2d 1125 (D. Alaska 1999) (jury verdict initially awarded $27,009 for wrongful denial of disability benefits and $100,000 for emotional distress); *see also  Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence ... that the plaintiff suffered heightened mental anguish"); *Clayton v. United Services Auto Assn*., 54 Cal.App.4th 1158 (1997) (emotional distress award of $400,000 for insurance bad faith).  Allegations of emotional distress damages are properly included in evaluating the amount in controversy in this case.

/ / /

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1

- 9 -

CASE NO. 16-CV-3505
NOTICE OF REMOVAL OF CIVIL ACTION

1     17.    Finally, Plaintiff seeks punitive damages under California law, which

2  should be considered in meeting the amount in controversy requirement.

3  (Complaint, ¶ 50; Prayer, ¶ 3)  *See Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir.

4  2001) ("It is well established that punitive damages are part of the amount in

5  controversy in a civil action."); *Simmons*, 209 F.Supp.2d at 1033, 1035 (finding the

6  jurisdictional minimum "clearly satisfied" based on wage losses of $25,600 and the

7  "alleged compensatory, punitive, emotional distress damages"); *James Dickey, Inc.*

8  *v. Alterra America Insurance Co.*, 2015 WL 4537732, at *2 (C.D. Cal. 2015)

9  (finding jurisdictional threshold met when considering even the smallest potential

10  punitive damage award for a case involving alleged loss of $31,671.29).  Jury

11  verdicts in insurance bad faith cases in which punitive damages are proven up and

12  awarded routinely exceed $100,000.  As just one example, in *Filippo Industries,*

13  *Inc. v. Sun Insurance Co*., 74 Cal.App.4th 1429 (1999), the jury awarded plaintiff

14  $850,000 in breach of contract damages (the remaining balance of the policy limit),

15  along with tort damages for bad faith of $4.125 million and punitive damages of

16  $750,000.

17

18     18.    Plaintiff also claims entitlement to treble damages under California

19  Civil Code Section 3345.  (Prayer, ¶ 4)  Trebling of any of his alleged damage

20  claims or penalties outlined above would far exceed the $75,000 jurisdictional

21  threshold.

22

23     19.    Accordingly, under several different potential damage theories,

24  Defendant has demonstrated that it is "more likely than not" that the amount in

25  controversy in this case exceeds $75,000.

26  / / /

27  / / /

28  / / /

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1                                    - 10 -

1

**TIMELINESS OF REMOVAL**

2

3      20.    The Summons and Complaint in this action were served upon

4 Defendant effective April 21, 2016.  Defendant is informed and believes that there

5 has been no service of process upon any other defendant.  This Notice of Removal

6 is filed within 30 days of service, and within one year of the date of commencement

7 of the action.  This removal is therefore timely under 28 U.S.C. § 1446(b).

8

9

**VENUE**

10

11      21.    This is a suit of a wholly civil nature brought in a California court.

12 The action is pending in Los Angeles County, California and, accordingly, under

13 Title 28 United States Code §§ 84(c) and 1441(a), the United States District Court

14 for the Central District of California, is the proper forum for removal.

15

16      WHEREFORE, Defendant Paul Revere prays that the above-referenced

17 action now pending in the Los Angeles County Superior Court, State of California,

18 Case No. BC617352, be removed from that Court to this United States District

19 Court.

20

21 Dated: May 20, 2016                   BURKE, WILLIAMS & SORENSEN, LLP

22                                 DANIEL W. MAGUIRE

23                                 MELISSA M. COWAN

24

25                       By: */s/ Melissa M. Cowan*

26                       MELISSA M. COWAN
                       Attorneys for Defendant The Paul

27                       Revere Life Insurance Company

28

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4810-8687-9793 v1

- 11 -

CASE NO. 16-CV-3505
NOTICE OF REMOVAL OF CIVIL ACTION